## In re MAUCH CHUNK BREWING CO.
### No. 10304.

District Court, M. D. Pennsylvania.

Feb. 14, 1942.

David Getz, of Allentown, Pa., and A. M. Lucks, of Scranton, Pa., for Trustee.

Thomas E. Weaver, of Catasauqua, Pa., for respondent.

Irving W. Coleman, of Northampton, Pa., for Bankrupt.

WATSON, District Judge.

This matter is before the Court on a petition to review a turnover order of the Referee.

The facts are not substantially in dispute. At the time of the filing of the Debtor's petition, the Debtor had on deposit in the Lehigh National Bank of Catasauqua, Pennsylvania (hereinafter called the Bank), the sum of $777.07; thereafter, the Trustee paid some of the funds of the Debtor's estate into this account, and, at the same time, the Trustee informed the cashier of the Bank of his desire to transfer the Debtor's account to an account in his name as Trustee. In accordance with this expressed desire, the cashier caused a check to be drawn on the Debtor's account payable to the Trustee, and this check was signed but not endorsed by the Trustee. The Trustee forthwith presented the check to a teller in the Bank and a deposit slip was made up showing the deposit of the entire account of the Debtor to the credit of the Trustee, and a deposit book was given to the Trustee containing an entry of this deposit. Two days later the Bank refused to honor a check of the Trustee for $1,201.86 drawn on the new account. When payment was refused, the cashier of the Bank stated: "Not sufficient funds on account of setoff against indebtedness of Mauch Chunk Brewing Company". The Trustee filed a petition for a turnover order and hearing was had by the Referee, resulting in the order directing the Bank to turn over the fund. This order is now before the Court for review.

The Bank contends that this Court does not have summary jurisdiction of this matter, and that it was entitled to set off the money on deposit. The answer to both of these questions depends upon the determination of whether or not the Bank by its acts above set forth surrendered possession of the fund to the Trustee. If it did, the fund came into the constructive possession of the Court and summary jurisdiction exists, and, by the same token, the Bank has lost its right of setoff by such surrender.

There is little that need be said in addition to that which is contained in the well reasoned opinion of the Referee. The Referee reached the conclusion that the Bank had transferred possession of the fund to the Trustee, and thus lost not only its right of setoff, but also its right to compel the Trustee to resort to plenary proceedings. I wish, however, to call attention to the case of Bryan v. First Nat. Bank, 205 Pa. 7, at page 11, 54 A. 480, 482, wherein the Court said: "When the bank gave to Bryan, one of its depositors, credit on his passbook for the two checks drawn on it by another of its depositors having on its books ample funds to pay them, such credit was equivalent to a payment to Bryan in cash of the amount of the checks." Upon the authority of this case, and those referred to in the opinion of the Referee, there can be no doubt but that the Bank by accepting the check prepared by it and drawn on the Debtor's account, and crediting this check to the Trustee, lost its right of setoff, and the fund here involved came into the constructive possession of this Court, and the Bank may be summarily ordered to turn over the fund.

The order of the Referee be, and it is hereby, affirmed, and the petition for review is dismissed.